# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 1:04-cr-00025-GZS |
| JEFFREY SIMPSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PENDING MOTIONS

Before the Court is Defendant Jeffrey Simpson's Motion for a reduction of sentence in accordance with the First Step Act (ECF No. 31) and his Motion to appoint counsel and extend time (ECF No. 33), both of which he filed pro se. For reasons briefly explained herein, the Court DENIES the Motions.

Defendant Simpson pled guilty to one count of Hobbs Act Robbery, 18 U.S.C. § 1951, and one count of being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Following his guilty pleas to these counts, on September 10, 2004, this Court sentenced Simpson to 327 months imprisonment for being a convicted felon in possession of a firearm and 240 months for Hobbs Act Robbery, to run concurrently. (2:03-cr-00096, ECF Nos. 28 & 29; 1:04-cr-00025, ECF Nos. 22 & 23.)

On February 10, 2020, the Court received a handwritten letter dated February 4, 2020, from Simpson. (ECF No. 31.[1]) He wrote, "I understand that the 'First Step Act' causes some cases that were used against me as predicates to sentence me as a career offender (armed) to no longer serve

---

[1] This and all other ECF citations are to 1:04-cr-00025 unless otherwise indicated.

as predicates; and would entitle me to be resentenced as a non-armed career criminal." (Id., PageID # 94.) He sought representation to pursue resentencing under the Act.[2]

However, as detailed in the Government's Response to Simpson's Motion (ECF No. 32, PageID #s 103-05), although the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), made several changes to federal criminal law, none of these changes entitles Simpson to relief. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit prisoners to bring their own motions for compassionate release under that subsection, but Simpson does not aver or establish, nor could he, that he qualifies for such relief. § 603, 132 Stat. at 5239; see United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("The First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate.") The First Step Act also amended the Controlled Substances Act, 21 U.S.C. § 801 et seq., and the Controlled Substances Import and Export Act, 21 U.S.C. § 960(b), to include new definitions of "serious drug felony" and "serious violent felony." § 401, 132 Stat. at 5220-21. However, the sentence for which Simpson seeks reduction does not implicate these definitions, as it is based on the definition of "violent felony" in 18 U.S.C. § 924(e). The First Step Act's amendment to the "safety-valve" provision of 18 U.S.C. § 3553(f) does not benefit Simpson, as his sentence is for convictions to which that provision does not apply. See § 402, 132 Stat. at 5221. Finally, because Simpson was not convicted of any offense impacted by the Fair Sentencing Act of 2010, the First Step Act's retroactive application of that Act also does

---

[2] Simpson has since filed another letter with the Court (ECF No. 33). In it, he clarifies that his initial letter was not intended as a motion for relief under the First Step Act, but rather as a motion for appointment of counsel. He also requests that he not be penalized for not replying to the Government's Response. (Id., PageID #s 108-09.) Because the Court finds that he is clearly ineligible for relief under the First Step Act, it declines to appoint counsel and concludes that Simpson suffers no penalty from his failure to reply.

not entitle him to a sentence reduction.  See § 404, 132 Stat. at 5222; Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  In short, nothing in the First Step Act justifies a reduction in Simpson's sentence.

Construing Simpson's pro se Motion liberally, the Court considers whether he might nonetheless be entitled to relief due to Supreme Court decisions within the last ten years that have narrowed the number of offenses that may serve as predicates for purposes of sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  See Johnson v. United States, 135 S. Ct. 2551 (2015); Johnson v. United States, 559 U.S. 133 (2010).  To qualify as a predicate offense under the ACCA, an offense must have as an essential element the use or threatened use of force that can cause pain or injury.  Shabazz v. United States, 912 F.3d 73, 74 (2d Cir. 2019); see also Johnson, 559 U.S. at 140.  Simpson received his ACCA sentencing enhancement based on four prior convictions for robbery in Connecticut.  (PSR ¶¶ 41, 45-47.)  The Second Circuit has recently held that any violation of Connecticut's robbery statute qualifies as an ACCA predicate under current standards.  Shabazz, 912 F.3d at 78.  Consequently, Simpson's legal status as an armed career criminal has not been affected by changes in Supreme Court jurisprudence since his 2004 sentencing.  Thus, he is not entitled to a sentence reduction based on a change in the law regarding his predicate offenses.

Therefore, the Court hereby DENIES Defendant's pending Motions (ECF Nos. 31 & 33).

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 26th day of June, 2020.